UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

    William J. Lovell,         Case No. 23-20151
                                       Chapter 13
        Debtor.

---

**DECISION AND ORDER
GRANTING APPLICATION FOR COMPENSATION, IN REDUCED AMOUNT,
UNDER § 330 AND ADMINISTRATIVE EXPENSE TREATMENT UNDER § 503(b)
AND GRANTING, IN PART, MOTION BY UST[1]**

PAUL R. WARREN, U.S.B.J.

    This case was filed on April 12, 2023. (ECF No. 1). Included with the petition, schedules and Chapter 13 Plan was a 2016(b) Statement by which Counsel indicated he had agreed to accept $3,900.00 to represent the Debtor. (ECF No. 5). From its inception, the case proceeded with fits and starts, like many Chapter 13 cases. About 6 months after the case was filed, the Chapter 13 Trustee filed a Motion to Dismiss because the Debtor ceased making plan payments. (ECF No. 59). According to the response by Debtor's Counsel, the failure to maintain plan payments was due to an ongoing disruption in the Debtor's employment. (ECF No. 66 ¶ 2). The case never got to a confirmation hearing.

    The response also contained a request, by Debtor's Counsel, for the payment of attorneys' fees as an administrative expense, under § 503(a) of the Code, in the event of a dismissal of the case, and distribution of any pre-confirmation funds held by the Trustee in the manner provided

---

[1]     The Court is issuing a somewhat abbreviated Decision in this case, in light of the more thorough Decision in *In re Stevens*, Case No. 22-20579, concerning this Court's forward looking policy in handling administrative expense applications made by a debtor's counsel in a Chapter 13 case involuntarily dismissed before confirmation, where attorneys' fees were based on the Court's presumptively reasonable fee schedule.

for by § 1326(a)(2). Counsel then filed an "Application for Administrative Expenses"—the Application was amended twice in response to deficiencies issued by the Clerk of the Court. (ECF Nos. 69, 70, 74, 76, 77, 79, 80).[2] Counsel's Application requests that attorneys' fees in this case be treated as an administrative expense claim, under § 503(b) of the Code, and that they be paid to Counsel from pre-confirmation funds held by the Chapter 13 Trustee in the event of a dismissal of the case, as permitted by § 1326(a)(2) of the Code.[3] Both the Chapter 13 Trustee and the UST filed fierce opposition to the Fee Application. (ECF Nos. 92, 93). In addition, the UST filed a "Motion for Review and Reduction of Attorneys' Fees, Pursuant to 11 U.S.C. §§ 105 and 329, for the Cancellation of the Retainer Agreement and for Imposition of Other Sanctions." (ECF No. 97).

On January 18, 2024, the Court granted the Chapter 13 Trustee's Motion to Dismiss because of the Debtor's uncured default in plan payments, but entered an Order retaining jurisdiction over both the Fee Application by Debtor's counsel and the UST's motion, which the Court scheduled to be heard on March 6, 2024. (ECF No. 104). Counsel to the Debtor filed a response to the UST's motion. (ECF Nos. 110, 111). Following a review of the Fee Application, the UST's motion, and Counsel's response, the Court issued a Case Management Order taking the Fee Application and UST's motion under submission without oral argument, indicating that an order disposing of the Fee Application and the UST's motion would follow. (ECF No. 112).

---

[2] While the administrative expense treatment for debtor's counsel is unusual in a Chapter 13 case coming before this Court, it is certainly not without precedent in sister bankruptcy courts.
[3] No retainer was paid to Counsel by the Debtor.

# I.

# DISCUSSION

A. <u>**The UST Motion**</u>

The UST devotes eight pages to detailing many errors made by Counsel in various filings in the case, arguing that the $3,900.00 fee requested by Counsel both exceeds the Court's no-look fee and is unreasonable in light of the errors identified. (ECF No. 97).[4] The UST then devotes an additional eight pages to citations of cases in other jurisdictions concerning attorneys' fees, duties of disclosure and due diligence, as well as the Court's authority to impose sanctions under 11 U.S.C. § 105(a). (ECF No. 97-2 at 1-8). The UST's motion asserts that the failure of Counsel to timely and properly file pay advices "put the Debtor at risk." (*Id.* at 11). But no harm or financial loss is alleged to have actually been visited on the Debtor. The Debtor has not complained about the performance of his attorney. Finally, the UST devotes one page to the assertion that the Court should impose civil penalties for Counsel's failures, including cancellation of the retainer agreement with the Debtor and punishing Counsel for a provision in the retainer agreement restricting negative reviews by clients on social media. (*Id.* at 12-13). How this Court has the authority to dish out such penalties is not addressed.

While voluminous, the UST's motion lacks any analysis of the authorities cited. The UST's attack on the legal fees requested is supported by citation to the *holdings* in numerous cases. (*Id*. at 1-8). Of course, merely citing the *holding* of a case without analyzing the *facts* that led to the holding enables the drafter to paint an inaccurate or misleading picture. The Court's review of the cases cited by the UST shows that the cases all involve exceedingly egregious *facts*, involving

---

[4] The base no-look fee for a Chapter 13 case is $2,800.00. However, certain specified pre-confirmation "add-ons" are permitted in addition to the base fee, not to exceed an additional $1,000.00. Here, Counsel's fee request does exceed the no-look fee schedule.

3

non-disclosure of retainers, failure to file any 2016(b) Statements, knowingly and willfully filing schedules that fail to disclose valuable assets, Debtor's counsel being paid by creditors of the Debtor, and other knowingly and materially misleading disclosures or non-disclosures concerning compensation. The *facts* underlying all of the cases cited by the UST in support of the disgorgement motion can be grouped into a single category: *well beyond mere negligence or sloppiness, bordering on fraud or bad faith*. No such egregious facts are present here to justify a 100% reduction in Counsel's fees. Why then the scorched earth motion by the UST?

**B.      Counsel's Fee Request**

Counsel's below average performance in this case cannot, however, go unaddressed by the Court. Under § 330 of the Code, compensation awarded by the Court must be "reasonable and necessary" under the facts of each case. Counsel would do well to be more focused and less obtuse in papers he files with this or any other court. Counsel's submissions are often rambling, unfocused, infested with typos, and presented in a confusingly disjointed manner. Counsel's frequent errors when filling in the blanks in a Chapter 13 Plan and general carelessness in filings are often the cause of the need for corrective amendments which, of course, drive up costs (but should not be allowed to drive up attorneys' fees). It is important that Counsel make a concerted effort to be clear, concise and professional in all papers filed with the Court, to avoid being the cause of delay while the parties and the Court endeavor to ascertain Counsel's position and the factual and legal basis for that position. Additionally, Counsel must fully disclose, in a written retainer agreement, the hourly rate he will charge for work not covered by any flat fee agreement between Counsel and his clients. Counsel should also understand that the Court's no-look fee is not a guaranteed minimum for all work done up to and including a § 341 meeting. A no-look fee should be designed to be a "full case fee" covering a wide range of attorneys' services up to and

4

Case 2-23-20151-PRW,   Doc 116,   Filed 03/06/24,   Entered 03/06/24 16:38:02,
Description: Main Document , Page 4 of 6

after confirmation. In other words, a flat no-look fee should serve as an easily understood "cradle-to-grave" fee, when used instead of billing on an hourly basis.

At the time of the dismissal of this case, the Chapter 13 Trustee was in possession of approximately $1,200.00 paid by the Debtor pre-confirmation, leaving the amount of funds on hand well below the full case no-look fee. But the full case no-look fee has not been earned here. In fact, Counsel seems to have recognized that fact and has suggested a willingness to accept $1,200.00 as the total amount of attorneys' fees that should be paid in this case. (*See* ECF No. 95 at 5). The Court finds that the amount of fees reasonable and necessary for all work done by Counsel in connection with this case—dismissed long before confirmation—should be reduced from $3,900.00 (the full case flat fee agreed to by the Debtor and Counsel) to $1,000.00, under § 330 of the Code.[5]

## II.

## CONCLUSION

For the reasons stated, the Court Orders:

1. Counsel's Application for Compensation for attorneys' fees is **GRANTED**, under § 330 of the Code, *for the reduced and total amount of $1,000.00*. As a result, Counsel's Application for Administrative Expense Treatment of those attorneys' fees is also **GRANTED**, under 11 U.S.C. § 503(b). Under 11 U.S.C. § 1326(a)(2), $1,000.00 of the funds being held by the Chapter 13 Trustee is to be distributed to Counsel as an allowed administrative expense claim, after deduction of any unpaid Chapter 13 Trustee commissions. The amount awarded to Counsel

---

[5] The "presumptively reasonable fee discount" applied in *Stevens* is not utilized by the Court in this case. The Court always has the authority and duty to review fees under § 330 of the Code. Consequently, the "presumptively reasonable fee discount" under *Stevens* is not a guarantee of compensation in the event of the involuntary dismissal of a Chapter 13 case before confirmation, if the Court or a party in interest finds the resultant fee objectionable.

by this Order is **in full and complete satisfaction** of the Debtor's obligation to pay attorneys' fees in connection with this case. Counsel is prohibited from attempting to collect from the Debtor (or from any third party) any further amount related to Counsel's work in connection with this case. To be clear; the sum of $1,000.00 awarded to Counsel by the Court under this Order represents full and complete payment by the Debtor of *all* attorneys' fees owed to Counsel by the Debtor.

2. The motion of the UST is **GRANTED**, in part, insofar as the total compensation awarded to Counsel is reduced and capped at $1,000.00. The balance of the motion is **DENIED**, without prejudice to the ability of the UST to address the remaining issues concerning the social media commentary prohibition in Counsel's retainer agreement, or other issues concerning the adequacy of the retainer agreement, to the Grievance Committee for the appropriate Judicial District of the New York State Courts.

**IT IS SO ORDERED.**

Dated: March 6, 2024  _____/s/_____
    Rochester, New York            HON. PAUL R. WARREN
                                   United States Bankruptcy Judge